UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ASNM, LLC, et al.,<br><br>    Defendants. | Case No.17-cv-04125-HRL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SERVICE BY PUBLICATION**<br><br>Dkt. Nos. 23, 24 |

Plaintiff Scott Johnson (Johnson) sues for alleged violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213, and related state law claims. Johnson says that he has been unsuccessful in his efforts to serve Defendant Amir H. Darzilaridjani (Darzilaridjani) with the summons and complaint. Johnson moves for leave to serve Darzilaridjani by publication and requests an extension of time to complete service.

In support of the request, Johnson offers the declaration of his attorney, Chris Carson. According to the declaration, Carson's office searched for Darzilaridjani using two search engines, the TransUnion TLO XP California Ultimate Weapon Database, and Lawyer's Title. Dkt. No. 23-1, Carson Decl. ¶ 6. The search engines identified four addresses associated with Darzilaridjani:

1. 1798 W. San Carlos Street, San Jose (San Carlos Street);
2. 820 Sea Spray Lane, Apt. 205, Foster City (Sea Spray Lane);
3. 813 Grenada Lane, Foster City (Grenada Lane);
4. 260 Selby Lane, Atherton (Selby Lane).

Dkt. No. 23-1, Carson Decl. ¶ 7.

According to the complaint, Darzilaridjani co-owns the San Carlos Street location with co-Defendant Mitra Zaheri (Zaheri). Dkt. No. 1 ¶¶ 11-28. Johnson served Zaheri, via substituted

service, at the San Carlos Street location.[1] Dkt. No. 8.

A process server hired by Carson made two attempts to serve Darzilaridjani at Sea Spray Lane. The server spoke to an unidentified neighbor, who said she had lived at the site for six months and did not know Darzilaridjani. Dkt. No. 23-3, Ex. 1. The same process server attempted three times to effect service at Selby Lane, and once at Grenada Lane, but each visit was unsuccessful. Dkt. No. 23-4, Ex. 2. Carson's office then sent a Notice and Acknowledgment of Receipt of Summons and Complaint to the Grenada Lane and Selby Lane locations, but Carson did not receive a response. Dkt. Nos. 23-1, Carson Decl. ¶¶ 11-13; 23-5, Ex. 3.

Under Federal Rule of Civil Procedure 4(e), a person may be served by following the law of the state in which the district court sits or where service is made. Service by publication is permitted under California law "if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article," and "[a] cause of action exists against the party upon whom service is to be made[.]" Cal. Civ. Code § 415.50(a)(1). "Because of due process concerns, service by publication must be allowed 'only as a last resort.'" *Duarte v. Freeland*, No. C-05-2780 EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Watts v. Crawford,* 10 Cal. 4th 743, 749 n.5 (1995)).

Section 415.50(a)(1) requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against each defendant for whom service by publication is requested. *See Harris v. Cavasso*, 68 Cal. App. 3d. 723, 726 (1977) (section 415.50(a)(1) requires "an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make [the cause of action] appear, for the Judge to act upon before he has any jurisdiction to make the order" authorizing service by publication).

More important for present purposes, § 415.50(a)(1) requires courts to ask whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).

---

[1] Zaheri did not timely respond to the complaint, and the Clerk entered default. Dkt. No. 10. The same is true of every other Defendant in this case besides Darzilaridjani. Dkt. Nos. 16, 19, 22.

"Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 (citation and internal quotation marks omitted). Accordingly, "the term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Id.* (citations omitted). However, "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives . . . and by investigation of appropriate city and telephone directories . . . and assessor's office property indices situated near the defendant's last known location, generally are sufficient." *Id.* (citations and internal quotation marks omitted).

Here, the Court is satisfied that Carson's declaration offers sufficient independent evidentiary support for the existence of a cause of action. The question, then, is whether Darzilaridjani cannot be served despite the exercise of reasonable diligence.

Johnson performed two online searches to identify addresses associated with Darzilaridjani. His hired process server made a total of six trips to three locations over an approximately two-month period. Johnson presents no evidence that he ever attempted to locate any of Darzilaridjani's family or business associates. *See Cummings v. Brantley Hale*, No. 15-CV-04723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (plaintiff who contacted defendant's daughter in effort to serve defendant exercised reasonable diligence). Johnson served Zaheri, the co-owner of the San Carlos Street location, but it does not seem that he tried to parlay that success into service on Darzilaridjani. Carson's affidavit does not indicate whether online searches revealed any e-mail addresses or telephone numbers associated with Darzilaridjani, and if so, what efforts were made to contact him by those means. *See THC-Orange City Inc. v. Valdez*, No. 17-CV-01911-LB, 2017 WL 2171185, at *3 (N.D. Cal. May 17, 2017) (leave to serve by publication denied where plaintiff failed to indicate if it had attempted to contact defendant via e-mail). Johnson does not appear to have hired a private investigator. *See Combs v. Doe*, No. C10-01120-HRL, 2010 WL 4065630, at *1-2 (N.D. Cal. Oct. 15, 2010) (plaintiff who hired private investigator, and subpoenaed several internet companies, exercised reasonable diligence).

Under these circumstances, the Court is not convinced that Johnson has made the

"thorough, systematic investigation and inquiry" needed to justify service by publication. Accordingly, Johnson's motion for leave to serve Darzilaridjani by publication is denied without prejudice. Johnson's administrative motion requesting an extension of time to complete service on Darzilaridjani is granted. The deadline to complete service on Darzilaridjani is **February 5, 2018.** If Johnson wishes to renew his motion for service by publication, he must file his amended motion by **February 19, 2018**.

**IT IS SO ORDERED.**

Dated: December 6, 2017

HOWARD R. LLOYD
United States Magistrate Judge

4